## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROBERT SHANE**, | |
| Plaintiff, | CIVIL NO. 21-1269 |
| v. | Trial by Jury Demand |
| **JOBLOVIN, LLC** and **JUSTIN PACHOLKA**, | |
| Defendants. | |

### COMPLAINT

Plaintiff, Robert Shane ("Plaintiff" or "Shane") brings this action for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA which is a federal statute.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District.

### PARTIES

3.     Plaintiff is an individual and is a resident of Missouri.

4.     Defendant JobLovin, LLC ("JobLovin'") is a Puerto Rico limited liability corporation with its principal place of business at 151 Calle San Francisco, San Juan Puerto Rico, 00901.

5.     Defendant Justin Pacholka ("Defendant Pacholka") is an individual and is a resident of Puerto Rico.

1

## FACTUAL ALLEGATIONS

6.      JobLovin is a limited liability entity registered in Puerto Rico.

7.      Defendant Pacholka is the President and only authorized person for JobLovin.

8.      Upon information and belief, Defendant Pacholka is the only employee of JobLovin.

9.      Upon information and belief, Defendant Pacholka personally prepares and/or approves all marketing calls made by or on behalf of JobLovin.

10.      Plaintiff is the residential subscriber of the cellular telephone number XXX-XXX-6363. Plaintiff registered this number on the National Do Not Call Registry ("DNCR").

11.      JobLovin and/or Defenadnt Pacholka knowingly and willfully sent text message calls ("calls") to Plaintiff at least 78 times. Plaintiff has received more than one of these calls within the past 12 months while Plaintiff was on the DNCR.

12.      As an example, JobLovin and/or Pacholka texted Plaintiff from short code 56959 on July 21, 2020 at 7:03PM UST that said:

> Jeffrey, we urgently need 5 candidates for this Workforce job.
> Click here to apply https://workf.ly/g/A8j1y92
> Txt STOP to OptOut

13.      Each text message sent to Plaintiff directed him to a website owned by JobLovin. Many of the websites were registered by Defendant Pacholka.

14.      Plaintiff himself never provided consent to receive telemarketing calls from JobLovin and the calls were not for an emergency purpose.

15.      Plaintiff has not visited http://www.itsmycareer.com.

16.      Plaintiff has not visited http://employment.org.

17.      Plaintiff does not go by, and has never used, the name "Jeffrey."

18.     The text messages directed Plaintiff to websites that advertised the commercial availability of—and encouraged the purchase of—paid subscriptions, college enrollment, and other paid products and services.

19.     The calls were made using an Automatic Telephone Dialing System. This is based on the facts that

      a)     the text messages, when personalized, used an incorrect name for Plaintiff;

      b)     the text messages said "Txt Stop to OptOut" and "Text STOP to Unsubscribe"

      c)     the text messages came from an SMS short code;

      d)     JobLovin' sent a voluminous number of text messages to Plaintiff; and

      e)     Upon information and belief, the equipment used to send the text messages has the capacity to use a random or sequential number generator to either store or produce phone numbers to be called.

20.     The text messages did not provide the name of the individual caller.

21.     The text messages did not provide the name of the person or entity on whose behalf the call was being made, if any.

22.     The text messages did not include a telephone number or address at which the person or entity could be contacted.

23.     Defendant Pacholka, President of JobLovin, personally runs, authorizes and oversees all telephone marketing for JobLovin. Specifically,

      a.     Defendant Pacholka advertises on LinkedIn that he works in "Recruitment Marketing";

      b.     JobLovin has no LinkedIn profile; and

c. There are no individuals on LinkedIn, or on any other internet search, that indicate that they work for JobLovin.

24. Defendants' calls caused Plaintiff actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his daily life.

## LEGAL STANDARD

25. The TCPA provides that no person or entity shall make a call "using an automatic telephone dialing system or an artificial or prerecorded voice… [t]o any… cellular telephone" unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); see also 47 C.F.R. § 64.1200(a)(1).

26. If the call "introduces an advertisement or constitutes telemarketing" then "prior express *written* consent" is required. 47 C.F.R. § 64.1200(a)(2) (emphasis added).

27. When using an autodialer, callers are prohibited from abandoning more than 3% of the calls "as measured over a 30-day period for a single calling campaign." 47 C.F.R. § 64.1200(a)(7).

28. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national Do Not Call Registry.

29. The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2).

30. The TCPA also prohibits callers from telemarketing to a residential telephone subscriber without disclosing the caller's identity and without instituting procedures for maintaining an Internal Do Not Call List. 47 C.F.R. § 64.1200(d).

31.     Both phone calls and text messages qualify as a "call" under the TCPA. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016).

32.     Under the TCPA, an individual may be personally liable pursuant to 47 U.S.C. § 217, which provides that the "act, omission, or failure… of any officer… acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure… of such carrier or user as well as of that person." 47 U.S.C. § 217.

33.     Courts have consistently held that an officer or employee can be held liable for TCPA violations when personally involved in making or authorizing the calls. *See e.g.*, *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, (3d Cir. 2018); *Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013).

**FIRST CAUSE OF ACTION:**
**Violations of 47 U.S.C. § 227(b)**

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     Defendants' use of an ATDS to contact Plaintiff constitutes a violation of 47 U.S.C. § 227(b).

36.     As a result of Defendants' negligent violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), the court may award up to $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c)

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Pursuant to 47 C.F.R. § 64.1200(c), Defendants' contact of Plaintiff's residential cell phone whose number appears on the National Do Not Call Registry constitutes a violation of 47 U.S.C. § 227(c).

41.     Alternatively, pursuant to 47 C.F.R. § 64.1200(d), Defendants' contact of Plaintiff's residential cell phone without instituting and following the requisite procedures for telemarketing constitutes a separate violation of 47 U.S.C. § 227(c).

42.     As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

43.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), the court may award up to $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B) and 47 U.S.C. § 227(c)(5)(C).

44.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## RELIEF REQUESTED

45.     Plaintiffs respectfully request the Court grant Plaintiff the following relief against Defendant:

46.     Plaintiff seeks an amount to be determined at trial that is not less than $117,000.00 as a result of at least 78 violations of 47 U.S.C. § 227(b).

47.     Plaintiff also seeks an amount to be determined at trial that is not less than $117,000.00 as a result of at least 78 violations of 47 U.S.C. § 227(c).

48.     Plaintiff seeks costs pursuant to 28 U.S.C. § 1920.

49.     Plaintiff seeks judgment interest pursuant to 28 U.S.C. § 1961.

50.     Plaintiff seeks injunctive relief prohibiting such conduct in the future.

51.     Plaintiff seeks any other relief the Court may deem just and proper.

**TRIAL BY JURY DEMAND**

52.     Plaintiff respectfully demands a trial by jury.


RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 8th day of June 2021.


/s/ Jairo Mellado-Villarreal
USDC-PR No. 208112
jmellado@mellado.com

/s/ Héctor Orejuela-Dávila
USDC-PR No. 301111
horejuela@mellado.com


**Mellado & Mellado-Villareal**
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. 787-767-2600/Fax 787-767-2645

*Counsels for Plaintiff*

**<u>Certificate of Service</u>**

I hereby certify that pursuant to L.Cv.R. 5.1(b) (2), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, this 8th day of June 2021.


*/s/ Jairo Mellado-Villarreal*
USDC-PR No. 208112
jmellado@mellado.com


**Mellado & Mellado-Villareal**
165 Ponce de León Ave., Suite 102
San Juan, Puerto Rico 00917-1235
Tel. (787) 767-2600
Fax (787) 767-2645